UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | EDCV 13-2386 DSF | Date | 6/18/14 |
|---|---|---|---|
| Title | In re Elizabeth Blanche Nelson<br>(Target National Bank v. Elizabeth Blanche Nelson) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Opinion AFFIRMING IN PART and REVERSING IN PART Order of the Bankruptcy Court

Appellants Weinstein, Pinson & Riley, P.S. (the WPR firm) and William S. Weinstein appeal from the Bankruptcy Court's order imposing sanctions on them pursuant to Federal Rule of Bankruptcy Procedure 9011 for the filing of a complaint that was frivolous or otherwise not based on reasonable inquiry. The adversarial action at issue alleged that the debtor had entered into two credit card transactions with fraudulent intent not to repay the debt. The two charges were a charge at Sears for $2,294.52, 82 days prior to the filing of the bankruptcy petition and a charge for $1,948.65 at Jennifer Convertible, a home furnishings store, 131 days prior to the petition date. Although the debtor claimed to be living in California at the time, both charges were made in New Jersey.

Orders imposing sanctions under Rule 9011 are reviewed for abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir. 1991). A court abuses its discretion where it bases it ruling on an erroneous view of the law or a clearly erroneous view of the facts. Id.

The Court finds that the personal monetary sanction against William S. Weinstein, while possibly substantively merited, must be reversed due to the Bankruptcy Court's failure to provide Weinstein notice of possible sanctions under Rule 9011. See Rule 9011(c)(1)(B). The Court sees no error in requiring Weinstein, as principal of his firm, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

report the sanctions to the State Bar of California, given that the relevant acts occurred in California, or to provide the ruling to the various entities who work with pro se debtors listed on the last page of the Bankruptcy Court's order. The record demonstrates that Weinstein held himself out as the responsible party for the actions of the WPR firm and it was not unreasonable to direct Weinstein to take certain actions in furtherance of that role.

The Bankruptcy Court's imposition of sanctions on the WPR firm was merited and not an abuse of discretion. First, Appellants do not even address their lack of basis for the allegation of "credit card kiting" under 11 U.S.C. § 523(a)(2)(A). This baseless allegation alone would provide an adequate basis for substantial sanctions, especially given its seriousness.

The Bankruptcy Court also did not clearly err in finding that Appellants had no reasonable basis to believe that the charge at Sears was entitled to a presumption of nondischargeability under § 523(a)(2)(C)(i)(I).[1] The record shows that the allegation was filed based on the date of the transaction, the business where the charge was made, the amount of the transaction, and the debtor's general poor financial condition at the time of the bankruptcy petition. (See Appx. at 54-55, 304.) While the charge was within the 90-day statutory period, there is no evidence that Appellants were aware of what was purchased or why it was purchased at the time the complaint was filed. The Bankruptcy Court certainly did not err in finding that a single large charge at Sears during the 90-day statutory period was not a sufficient basis to allege that the debt was presumptively fraudulent and nondischargeable where Appellants had no apparent idea what the purchase was actually for.

At the sanctions hearing, Weinstein – who it is not clear has any personal knowledge of anything to do with the filing of the complaint – stated that the Sears purchase was for a washer and dryer for the use of the debtor's relatives. The apparent basis for this belief is a statement from the debtor's former attorney. (Appx. at 346.) This statement probably involves at least three levels of hearsay.[2] Perhaps more

---

[1] Debts for "luxury goods or services" purchased within 90 days of the petition are presumed to be nondischargeable. 11 U.S.C. § 523(a)(2)(C).

[2] Weinstein (presumably) heard it from one of the lawyers on the case, that lawyer heard it from the debtor's lawyer, and the debtor's lawyer (presumably) heard it from the debtor herself. The use of "presumably" twice in the previous sentence further underscores the unreliability of the information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

importantly, it does not seem to have been raised in any paper or declaration prior to the hearing, there is no reason to believe that the information – if true – was known prior to the filing of the complaint, and it directly contradicts the statement of an attorney who signed the complaint that he believed "that [the debtor] purchased two large ticket non-essential items for her personal use." (Appx. at 305.) The Bankruptcy Court did not clearly err in giving little to no weight to this "fact."

Appellants also attack the Bankruptcy Court's criticism of the "FAST" computer program that the WPR firm apparently uses to screen records preliminarily for fraud. Contrary to Appellants' suggestion, while the Bankruptcy Court was critical of the program, it did not impose sanctions for using the program. The program was raised by Appellants below as a partial defense to their actions. The Bankruptcy Court correctly found that the use of a screening computer program did not excuse the lack of judgment exercised by the actual attorneys who filed the adversarial complaint.

Nor did the Bankruptcy Court err in finding no support for count 2 of the complaint, which alleged fraudulent intent and nondischargeability of the debt related to both purchases under § 523(a)(2)(A). The Bankruptcy Court persuasively discussed the minimal information known to Appellants at the time of filing and how such information failed to raise any reasonable inference of fraudulent intent when applying the Dougherty factors.

Appellants' objections to the Bankruptcy Court's review of other sanctions against the WPR firm are without merit. The advisory committee note to Federal Rule of Civil Procedure 11 explicitly tells courts to look to a past history of sanctions in deciding whether and how to sanction a party or attorney.[3] Nor did the Bankruptcy Court act punitively in imposing sanctions. It is very clear that the sanctions were imposed in order to coerce Appellants into taking their obligations to the court and to the system seriously. In the Bankruptcy Court's view, the WPR firm's extensive history of sanctions – including several sanctions for the filing of frivolous adversarial complaints – indicated that Appellants were not taking their obligations seriously. The Bankruptcy Court did not clearly err or abuse its discretion in making that assessment.

The order of the Bankruptcy Court is REVERSED as to the personal monetary

---

[3] Federal Rule of Bankruptcy Procedure 9011 is essentially identical to Federal Rule of Civil Procedure 11 and cases and commentary related to Rule 11 are also generally applicable to Rule 9011. See In re Grantham Bros., 922 F.2d at 1441.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

sanctions against William S. Weinstein and AFFIRMED in all other respects.